UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VINCENT W. BOYD,

    Plaintiff,

    v.

WEXFORD MEDICAL, et al.,

    Defendants.

CAUSE NO. 3:21-CV-507-RLM-MGG

OPINION AND ORDER

    Vincent W. Boyd, a prisoner without a lawyer, initiated this case by filing a complaint (ECF 1) without paying the filing fee or seeking leave to proceed *in forma pauperis*. Mr. Boyd has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g). The court explained to Mr. Boyd (ECF 7) that, because he has accrued four "strikes," he "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)).

    Mr. Boyd's complaint alleged that he fractured his right hand on May 4, 2020, and the care he received for his fracture was both delayed and inadequate. The fracture healed poorly as a result, leaving him with pain and reduced range of motion. A physical therapist that treated him said that nothing could be done but suggested

Mr. Boyd could have the bone shaved to regain full range of motion. Mr. Boyd asked for compensation for his injury and injunctive relief in the form of the surgery his physical therapist mentioned. The court noted that it was unclear how Mr. Boyd's past injury could pose an imminent risk of physical harm now, and his desire for surgery doesn't place him in imminent danger today.

While Mr. Boyd's complaint didn't allege facts that amounted to imminent danger of physical harm, the court gave him an opportunity to resolve his filing fee either by paying the filing fee in full or filing an *in forma pauperis* petition, a copy of his inmate trust fund ledger detailing his transactions for the past six months, and an amended complaint clarifying the nature of his imminent risk of serious harm. This court's order explained to Mr. Boyd that, to meet the imminent danger standard, the threat complained of must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). Mr. Boyd was cautioned that this case would be dismissed without further notice if he didn't respond by the deadline.

Mr. Boyd responded to the court's order by filing a motion to proceed *in forma pauperis* and an unsigned amended complaint. ECF 8; ECF 9. The allegations in the amended complaint were essentially the same as those in the original complaint. In the unsigned amended complaint, Mr. Boyd indicated that he wanted compensation for his past injury "as well as change medical services." ECF 9 at 4. Despite the imminent danger standard being explained to Mr. Boyd, he made no effort to explain

how he is in imminent danger. He submitted an unsigned motion to present evidence and several medical request slips for the court's review, but the documents didn't demonstrate that he is in imminent danger. ECF 10. Mr. Boyd also filed a separate response to the court's order. ECF 11. In it, Mr. Boyd claimed that he remains in "continuous pain," but he offered no further details about his pain. *Id.*

Rather than dismissing Mr. Boyd's case, the court deferred ruling on the petition to proceed *In Forma Pauperis* (ECF 8), struck Mr. Boyd's unsigned amended complaint (ECF 9) and unsigned Motion to Present Evidence (ECF 10), and extended the deadline for Mr. Boyd to file a single signed amended complaint clarifying the nature of his imminent risk of serious harm and including all the facts and documents he wanted the court to consider. Mr. Boyd was cautioned that if he didn't respond by the deadline, this case would be dismissed without further notice.

On September 21, Mr. Boyd filed duplicate copies of several documents that had been filed before. ECF 16; ECF 17; ECF 18. He filed another unsigned document entitled Motion to Clarify Punitive Damages. ECF 19. He also filed a signed document titled Moton in Response to Court Order, which is a response to this court's July 26, 2021, order. ECF 20. He didn't file a signed amended complaint. The two new documents he did file (ECF 19; ECF 20) don't show that he is in imminent risk of serious harm. He says he is in "continuous pain" due to the inadequate treatment he received following the fracture, but once again he offers no further details whatsoever that suggest he is in imminent risk of serious harm. ECF 19; ECF 20. Both documents focus on his desire for monetary damages.

3

Mr. Boyd was initially alerted to the need to either pay the filing fee or, if he wished to proceed *in forma pauperis*, clarify the nature of his imminent risk of serious harm in an amended complaint on July 26, 2021. ECF 7. When he sought *in forma pauperis* status without filing a signed amended complaint clarifying the nature of his imminent risk of serious harm, he was given a second chance to do so. ECF 15. He has not. Because Mr. Boyd has neither paid the filing fee nor filed a signed amended complaint explaining why he is in imminent danger, the motion to proceed *in forma paperis* will be denied the case will be dismissed. Mr. Boyd is required to pay the filing fee using the methods of 28 U.S.C. § 1915. *See* <u>Newlin v. Helman</u>, 123 F.3d 429 (7th Cir. 1997).

For these reasons, the court:

(1) DENIES Vincent W. Boyd's Motion for Leave to Proceed *In Forma Pauperis* (ECF 8);

(2) STRIKES Vincent W. Boyd's Motion to Clarify Punitive Damages (ECF 19) because it is unsigned;

(3) DENIES Vincent W. Boyd's Motion in Response to Court Order (ECF 20) as unnecessary;

(4) DISMISSES this case without prejudice;

(5) ORDERS the plaintiff, **<u>Vincent W. Boyd, IDOC # 106930,</u>** to pay (and the facility having custody to automatically remit) to the clerk 20% of the money received for each calendar month during which $10.00 or more is received, until the $402.00 filing fee is paid in full;

(6) DIRECTS the clerk to create a ledger for receipt of these funds; and

(7) DIRECTS the clerk to send a copy of this order to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED on October 7, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT